# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-0115V
Filed: May 23, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| ADELE PHILLIPS, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| v. | * | Influenza ("flu") Vaccine; Shoulder |
| | * | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | * | ("SIRVA"); Complex Regional Pain |
| AND HUMAN SERVICES, | * | Syndrome ("CRPS"); Special |
| | * | Processing Unit ("SPU") |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Brian L. Cinelli*, Marcus & Cinelli, LLP, Williamsville, NY, for petitioner.
*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 4, 2015, Adele Phillips ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that as a result of an influenza ("flu") vaccination on August 13, 2013, she suffered from Complex Regional Pain Syndrome ("CRPS"). Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On August 19, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for a Shoulder Injury Related to Vaccine Administration ("SIRVA"), with sequelae of CRPS. On May 20, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $192,439.12 for actual and projected pain and suffering; $9,617.91 to satisfy a State of New York Medicaid lien; and an amount sufficient to purchase an annuity contract as described in Proffer

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Section II.C. Proffer at 1-5. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

**(A) A lump sum payment of $225,554.28, representing compensation for life care expenses expected to be incurred during the first year after judgment ($33,115.16) and pain and suffering ($192,439.12), in the form of a check payable to petitioner, Adele Phillips.**

**(B) A lump sum payment of $9,617.91, representing compensation for satisfaction of the State of New York Medicaid lien, payable jointly to petitioner and**

> New York State Department of Health
> P.O. Box 415874
> Boston, MA 02241-5874
> Attn: Ms. Bianca Bostice
> Medicaid ID#: BA11400Q
> Recovery Case #: 174330

Petitioner agrees to endorse this payment to the State of New York.

**(C) An amount sufficient to purchase the annuity contract described in the Proffer Section II.C.**

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/Nora Beth Dorsey
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ADELE PHILLIPS,           )<br>                                   )<br>            Petitioner,       )<br>                                   )<br>      v.                         )<br>                                   )<br>SECRETARY OF HEALTH AND HUMAN  )<br>SERVICES,                   )<br>                                   )<br>            Respondent.    )<br>                                   ) | No. 15-115V<br>Chief Special Master Dorsey<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.  Items of Compensation**

   A.  Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLCP, and petitioner engaged Alan C. Winship, MS, Ed, CRC, D-ABVE, CLCP, to provide an estimation of Adele Phillips's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report, filed July 1, 2015.  All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Adele Phillips, attached hereto as Tab A.[1]  Respondent proffers that Adele Phillips should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B.    Lost Earnings

The parties agree that based upon the evidence of record, Adele Phillips has not suffered a past loss of earnings and will not suffer a loss of earnings in the future. Therefore, respondent proffers that Adele Phillips should not be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

C.    Pain and Suffering

Respondent proffers that Adele Phillips should be awarded $192,439.12 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D.    Past Unreimbursable Expenses

Petitioner represents that she has not incurred past unreimbursable expenses related to her vaccine-related injury.

E.    Medicaid Lien

Respondent proffers that Adele Phillips should be awarded funds to satisfy the State of New York lien in the amount of $9,617.91, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of New York may have against any individual as a result of any Medicaid payments the State of New York has made to or on behalf of Adele Phillips from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about August 13, 2013, under Title XIX of the Social Security Act.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $225,554.28, representing compensation for life care expenses expected to be incurred during the first year after judgment ($33,115.16) and pain and suffering ($192,439.12), in the form of a check payable to petitioner, Adele Phillips.

B. A lump sum payment of $9,617.91, representing compensation for satisfaction of the State of New York Medicaid lien, payable jointly to petitioner and

> New York State Department of Health
> P.O. Box 415874
> Boston MA 02241-5874
> Attn: Ms. Bianca Bostice
> Medicaid ID #: BA11400Q
> Recovery Case #: 174330

Petitioner agrees to endorse this payment to the State of New York.

C. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Adele Phillips, only so long as she is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

    1.    <u>Growth Rate</u>

Respondent proffers that a three percent (3%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: three percent (3%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

    2.    <u>Life-Contingent Annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Adele Phillips, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Adele Phillips's death.

---

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

    3.    <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.**    **Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to petitioner, Adele Phillips:    **$225,554.28**
    B.    Medicaid Lien:    **$ 9,617.91**
    C.    An amount sufficient to purchase the annuity contract described above in section II. C.

        Respectfully submitted,

        BENJAMIN C. MIZER  
        Acting Assistant Attorney General

        RUPA BHATTACHARYYA  
        Director  
        Torts Branch, Civil Division

        VINCENT J. MATANOSKI  
        Deputy Director  
        Torts Branch, Civil Division

        Linda S. Renzi  
        Senior Trial Counsel  
        Torts Branch, Civil Division

        <u>S/ Alexis B. Babcock</u>  
        Alexis B. Babcock  
        Senior Trial Attorney  
        Torts Branch, Civil Division  
        U.S. Department of Justice  
        P.O. Box 146  
        Benjamin Franklin Station  
        Washington, D.C.  20044-0146  
        Telephone: (202) 616-7678

Dated: May 20, 2016

Appendix A:  Items of Compensation for Adele Phillips                              Page 1 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Years 4-5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Year 11 | Compensation Years 12-15 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2016 | 2017 | 2018 | 2019-2020 | 2021 | 2022-2025 | 2026 | 2027-2030 |
| BCBS Premium | 5% | | M | 3,865.92 | 3,865.92 | 3,865.92 | 3,865.92 | 3,865.92 | 3,865.92 | 3,865.92 | 3,865.92 |
| BCBS MOP | 5% | | | 6,850.00 | 6,850.00 | 6,850.00 | 6,850.00 | 6,850.00 | 6,850.00 | 6,850.00 | 6,850.00 |
| Medicare A Deductible | 5% | * | | | | | | | | | |
| Medicare Part B Premium | 5% | | M | | | | | | | | |
| Medicare Part B Deductible | 5% | * | | | | | | | | | |
| Medigap C | 5% | | M | | | | | | | | |
| Medicare Part D | 5% | | M | | | | | | | | |
| Urine Toxicology Screen | 5% | * | | | | | | | | | |
| PT/OT | 3% | * | | | | | | | | | |
| Psychological Care | 3% | * | | | | | | | | | |
| Manual WC | 3% | * | | | | | | | | | |
| 3 Wheeled Scooter | 3% | | | 1,613.00 | | | | 1,613.00 | | 1,613.00 | |
| Scooter Battery | 3% | | | 102.40 | 102.40 | 102.40 | 102.40 | 102.40 | 102.40 | 102.40 | 102.40 |
| Scooter Maint | 3% | | | | | 199.00 | 39.80 | 39.80 | 39.80 | 39.80 | 39.80 |
| Cane | 3% | | | 19.79 | 1.98 | 1.98 | 1.98 | 1.98 | 1.98 | 1.98 | 1.98 |
| Walker | 3% | | | 155.12 | 31.02 | 31.02 | 31.02 | 31.02 | 31.02 | 31.02 | 31.02 |
| Grab Bars | 3% | | | 71.00 | | | | | | | |
| Raised Toilet Seat | 3% | | | 65.38 | 6.54 | 6.54 | 6.54 | 6.54 | 6.54 | 6.54 | 6.54 |
| Ice Grip for Cane | 3% | | | 7.50 | 7.50 | 7.50 | 7.50 | 7.50 | 7.50 | 7.50 | 7.50 |
| Lift Chair | 3% | * | | 722.00 | | | | | | 722.00 | |
| Shower Bench | 3% | | | 41.37 | 4.14 | 4.14 | 4.14 | 4.14 | 4.14 | 4.14 | 4.14 |
| Sling & Abduction Pillow | 3% | | | 33.32 | 16.66 | 16.66 | 16.66 | 16.66 | 16.66 | 16.66 | 16.66 |
| TENS Supplies | 3% | * | | | | | | | | | |
| TENS Unit | 3% | * | | | | | | | | | |
| Rocker Knife, Meat Cutter, Cutting Board | 3% | | | 92.00 | | | | | | | |
| Round Up Plate, Scoop Bowl & Plate | 3% | | | 44.00 | | | | | | | |
| Cyclobenzaprine | 5% | * | | | | | | | | | |
| OTC Ibuprofen | 3% | | | 35.96 | 35.96 | 35.96 | 35.96 | 35.96 | 35.96 | 35.96 | 35.96 |
| Oxycodone | 5% | * | | | | | | | | | |

**Appendix A: Items of Compensation for Adele Phillips** — Page 2 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Years 4-5 | Compensation Year 6 | Compensation Years 7-10 | Compensation Year 11 | Compensation Years 12-15 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2016 | 2017 | 2018 | 2019-2020 | 2021 | 2022-2025 | 2026 | 2027-2030 |
| Home Health Aide | 3% | | M | 19,366.00 | 19,366.00 | 19,366.00 | 19,366.00 | 19,366.00 | 19,366.00 | 19,366.00 | 19,366.00 |
| Neurology | 5% | * | | | | | | | | | |
| Pain Mngt | 5% | * | | | | | | | | | |
| Primary Care | 5% | * | | | | | | | | | |
| Mileage | 3% | | | 30.40 | 30.40 | 30.40 | 30.40 | 30.40 | 30.40 | 30.40 | 30.40 |
| Spinal Cord Stimulator Trial, Implant & Revision | 5% | * | | | | | | | | | |
| Lost Future Earnings | | | | | | | | | | | |
| Pain and Suffering | | | | 192,439.12 | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | | | | | |
| Medicaid Lien | | | | 9,617.91 | | | | | | | |
| Annual Totals | | | | 235,172.19 | 30,318.52 | 30,517.52 | 30,358.32 | 31,971.32 | 30,358.32 | 32,693.32 | 30,358.32 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($33,115.16) and pain and suffering ($192,439.12): $225,554.28.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of New York, as reimbursement of the state's Medicaid lien: $9,617.91.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

Appendix A:  Items of Compensation for Adele Phillips                    Page 3 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 16 | Compensation Years 17-18 | Compensation Years 19-20 | Compensation Year 21 | Compensation Years 22-23 | Compensation Years 24-Life |
|---|---|---|---|---|---|---|---|---|---|
| | | | | 2031 | 2032-2033 | 2034-2035 | 2036 | 2037-2038 | 2039-Life |
| BCBS Premium | 5% | | M | 3,865.92 | 3,865.92 | 3,865.92 | 3,865.92 | 3,865.92 | |
| BCBS MOP | 5% | | | 6,850.00 | 6,850.00 | 6,850.00 | 6,850.00 | 6,850.00 | |
| Medicare A Deductible | 5% | * | | | | | | | |
| Medicare Part B Premium | 5% | | M | | | | | | 1,461.60 |
| Medicare Part B Deductible | 5% | * | | | | | | | |
| Medigap C | 5% | | M | | | | | | 2,754.60 |
| Medicare Part D | 5% | | M | | | | | | 532.95 |
| Urine Toxicology Screen | 5% | * | | | | | | | |
| PT/OT | 3% | * | | | | | | | |
| Psychological Care | 3% | * | | | | | | | |
| Manual WC | 3% | * | | | | | | | |
| 3 Wheeled Scooter | 3% | | | 1,613.00 | | | 1,613.00 | 322.60 | 322.60 |
| Scooter Battery | 3% | | | 102.40 | 102.40 | 102.40 | 102.40 | 102.40 | 102.40 |
| Scooter Maint | 3% | | | 39.80 | 39.80 | 39.80 | 39.80 | 39.80 | 39.80 |
| Cane | 3% | | | 1.98 | 1.98 | 1.98 | 1.98 | 1.98 | 1.98 |
| Walker | 3% | | | 31.02 | 31.02 | 31.02 | 31.02 | 31.02 | 31.02 |
| Grab Bars | 3% | | | | | | | | |
| Raised Toilet Seat | 3% | | | 6.54 | 6.54 | 6.54 | 6.54 | 6.54 | 6.54 |
| Ice Grip for Cane | 3% | | | 7.50 | 7.50 | 7.50 | 7.50 | 7.50 | 7.50 |
| Lift Chair | 3% | * | | | | | 722.00 | 47.20 | 47.20 |
| Shower Bench | 3% | | | 4.14 | 4.14 | 4.14 | 4.14 | 4.14 | 4.14 |
| Sling & Abduction Pillow | 3% | | | 16.66 | 16.66 | 16.66 | 16.66 | 16.66 | 16.66 |
| TENS Supplies | 3% | * | | | | | | | |
| TENS Unit | 3% | * | | | | | | | |
| Rocker Knife, Meat Cutter, Cutting Board | 3% | | | | | | | | |
| Round Up Plate, Scoop Bowl & Plate | 3% | | | | | | | | |
| Cyclobenzaprine | 5% | * | | | | | | | |
| OTC Ibuprofen | 3% | | | 35.96 | 35.96 | 35.96 | 35.96 | 35.96 | 35.96 |
| Oxycodone | 5% | * | | | | | | | |

**Appendix A:  Items of Compensation for Adele Phillips**                                                                                                  Page 4 of 4

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 16<br>2031 | Compensation Years 17-18<br>2032-2033 | Compensation Years 19-20<br>2034-2035 | Compensation Year 21<br>2036 | Compensation Years 22-23<br>2037-2038 | Compensation Years 24-Life<br>2039-Life |
|---|---|---|---|---|---|---|---|---|---|
| Home Health Aide | 3% |   | M | 19,366.00 | 19,366.00 | 29,049.00 | 29,049.00 | 29,049.00 | 29,049.00 |
| Neurology | 5% | * |   |   |   |   |   |   |   |
| Pain Mngt | 5% | * |   |   |   |   |   |   |   |
| Primary Care | 5% | * |   |   |   |   |   |   |   |
| Mileage | 3% |   |   | 30.40 | 30.40 | 30.40 | 30.40 | 30.40 | 30.40 |
| Spinal Cord Stimulator Trial, Implant & Revision | 5% | * |   |   |   |   |   |   |   |
| Lost Future Earnings |   |   |   |   |   |   |   |   |   |
| Pain and Suffering |   |   |   |   |   |   |   |   |   |
| Past Unreimbursable Expenses |   |   |   |   |   |   |   |   |   |
| Medicaid Lien |   |   |   |   |   |   |   |   |   |
| Annual Totals |   |   |   | 31,971.32 | 30,358.32 | 40,041.32 | 42,376.32 | 40,411.12 | 34,444.35 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($33,115.16) and pain and suffering ($192,439.12): $225,554.28.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of New York, as reimbursement of the state's Medicaid lien: $9,617.91.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.